IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,659-01






EX PARTE JERRY WAYNE ROBERTSON, JR. , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR24280-A IN THE 75
TH DISTRICT COURT


FROM LIBERTY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to fifteen years' imprisonment. The Ninth Court of Appeals dismissed his
appeal. Robertson v. State, No. 09-04-00062-CR (Tex. App.-Beaumont, delivered May 20, 2004,
no pet.). 

 Applicant contends that he is actually innocent based on a sworn recantation from the
complainant. The trial court recommended denying relief without making specific findings of fact.
We believe that Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
complainant's recantation is credible and, if so, whether Applicant has established "by clear and
convincing evidence that no reasonable juror would have convicted him in light of the new
evidence." Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 31, 2007

Do not publish